Case 2:13-cv-07502-BRO-E   Document 44-1   4   Page 1 of 16   Page ID #:1331

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VALERIE BRANCA and LISA DIFFINE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. CV 13-7502-BRO (Ex)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

**PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that, to the extent that submissions containing Protected Material (as defined below) need to be filed with the Court, the Parties shall follow the relevant procedures contained in the Federal Rules of Civil Procedure and the local rules of this Court.

1. **DEFINITIONS**

    1.1  <u>Party</u>: Any party to the above-captioned action currently pending in the Central District of California, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2  <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, deposition or court testimony or transcripts, affidavits or declarations, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3  <u>Confidential Information or Confidential items</u>: For the purposes of this Order, "Confidential Information or Confidential Items" means:

    (a)  Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

    -2-

      (b)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; and

      (c)    Private Consumer Information as defined below in paragraph 1.4; and,

      (d)    Non-public business or financial strategies, business plans, strategic plans, sales and marketing plans, marketing surveys, earnings or other financial projections, confidential competitive information, and contracts or agreements, including any documentation that is considered confidential or proprietary under other confidentiality or non-disclosure agreements; and,

      (e)    Other information that is subject to state or federal privacy law; and contracts that are subject to a confidentiality or non-disclosure agreements.

    1.4    <u>Private Consumer Information</u>: Private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* and the California Financial Information Privacy Act, CAL. FIN. CODE § 4050 *et seq.*

    1.5    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

    1.6    <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

    1.7    <u>Designating Party</u>: A Party or non-party that designates information or items produced in disclosures or in responses to discovery as "Confidential."

    1.8    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" within the meaning of paragraph 1.3, above.

1.9     Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including the attorneys' support staff.

1.10    In-House Counsel: Attorneys who are employees of a Party, including the attorneys' support staff.

1.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

1.12    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

2.      **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (i) any information reproduced, copied or extracted therefrom, including testimony or presentations to the Court; and (ii) all copies, excerpts, summaries, or compilations thereof.

3.      **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. Due to the confidential nature of the Protected Material, including the expected presence of Private Consumer Information within the Protected Material, the Parties will take reasonable steps to preserve the confidentiality of Protected Material at trial, and will revisit the

issue as necessary prior to trial to determine the most appropriate treatment of such materials.

**4. DESIGNATING PROTECTED MATERIAL**

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Material as "Confidential" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate as "Confidential" only those parts of Disclosure or Discovery Material that qualify as Protected Material. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's or a non-party's attention that Disclosure or Discovery Material that it designated as "Confidential" does not qualify for protection, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated as "Confidential" before the material is disclosed or produced. Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-Party.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL." The "CONFIDENTIAL" stamp shall be affixed to

1 materials in a manner which does not obscure any information on the subject
2 documents. If only a portion or portions of the material on a page qualifies for
3 protection, the Designating Party also must clearly identify the protected portion(s)
4 (*e.g.*, by making appropriate markings in the margins, or by redacting such material).
5      A Party or non-party that makes original documents or materials
6 available for inspection need not designate them for protection until after the
7 inspecting Party has indicated which material it would like copied and produced.
8 During the inspection and before the designation, all of the material made available
9 for inspection shall be deemed "Confidential." After the inspecting Party has
10 identified the documents it wants copied and produced, the Producing Party must
11 immediately determine which documents, or portions thereof, qualify for protection
12 under this Order. Then, before producing the specified documents, the Producing
13 Party must stamp the subject document that contains Disclosure or Discovery
14 Material that qualifies for protection under this order "CONFIDENTIAL,"
15 consistent with the requirements set forth in paragraph one of this subpart (a).
16      (b)   For testimony given in deposition or in other pretrial or trial
17 proceedings, that the Designating Party take reasonable steps to identify on the
18 record, before the close of the deposition, hearing, or other proceeding, all testimony
19 to be designated as "CONFIDENTIAL." When it is impractical to identify
20 separately each portion of testimony to be designated as "Confidential" or when it
21 appears that substantial portions of the testimony may qualify as "Confidential," the
22 Designating Party may invoke a right to have up to five (5) days to identify the
23 specific portions of the testimony as to which a "Confidential" designation will be
24 made. Transcript pages containing Protected Material must be separately bound by
25 the court reporter, who must affix to the top of each such page the legend
26 "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring
27 the witness or presenting the testimony.
28

1    In the event that a Party intends to use portions or excepts of transcripts
2 prior to the expiration of the five-day (5) period, such Party shall give Counsel for
3 the Designating Party forty-eight (48) hours from the receipt of the transcript to
4 designate said testimony or any portion thereof as "Confidential" within the meaning
5 of this Order.
6    In the event that a deposition occurs five (5) days or less prior to when a
7 Party intends to use portions or excerpts of transcripts, the foregoing paragraph of
8 section 4.2(b) does not apply. Instead, the Party that intends to use portions or
9 excerpts of transcripts must make reasonable, good-faith efforts to inform Counsel
10 for the Designating Party of said intention so that Counsel for the Designating Party
11 has a reasonable opportunity to designate said testimony or any portion thereof as
12 "Confidential" within the meaning of this Order.
13    (c)    For information produced in some form other than documentary,
14 and for any other tangible items, that the Designating Party affix in a prominent
15 place on the exterior of the container or containers in which the information or item
16 is stored the legend "CONFIDENTIAL." If only portions of the information or item
17 warrant protection, the Designating Party, to the extent practicable, shall identify the
18 protected portions, specifying whether they qualify as "Confidential."
19    4.3    <u>Inadvertent Failures to Designate or Conflicting Designations</u>. If any
20 Confidential Information or Confidential Item is inadvertently provided to a
21 Receiving Party without being marked as "Confidential" in accordance with this
22 Order, the Producing Party may thereafter designate such material(s) as
23 "Confidential," and the initial failure to so mark the material shall not be deemed a
24 waiver of its confidentiality. The Producing Party shall notify all Parties in writing
25 of the corrected designation as soon as practicable. Those individuals who reviewed
26 the misdesignated Confidential Information or Confidential Item prior to notice of
27 the misdesignation by the Producing Party shall abide by the provisions of this Order
28 with respect to the use and disclosure of any information contained in the

misdesignated Disclosure or Discovery Material after receipt of the notice of misdesignation.

In the event that two or more identical copies of a document are produced or generated in response to disclosures or responses to discovery in this matter, and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The Designating Party shall be responsible for informing the other Party of the inconsistent designation, provided, however, that if any person subject to this Order receives such inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation and shall notify the Parties of the inconsistent designation as soon as practicable.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must attempt to confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to

the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3   Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation, upon full compliance with Civil Local Rule 37-1 and after considering the justification offered by the Designating Party, may file and serve a motion under Civil Local Rule 37-2 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1   Basic Principles. A Party may use Protected Material for the sole purposes of prosecuting, defending, or attempting to settle this particular action and for no other purposes. Such Protected Material may be disclosed by a Receiving Party only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, the Parties must comply with the provisions of section 10, below (FINAL DISPOSITION). Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2   Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a) The Parties' Counsel in this action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(b) The Parties and their parents and subsidiaries, including present and former officers, directors, partners, and employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action, provided, however, the requirements of this paragraph 5.2 do not apply to a Party's receipt of Protected Material that it produced in its own disclosures or responses to discovery in this matter, or, for any Plaintiff herein, to any Protected Material received from a co-Plaintiff in this action, or, for any Defendant herein, any Protected Material received from a co-Defendant in this action;

(c) Experts (as defined in this Order) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) The Court and court personnel, jury members, deposition officers, court reporters, and videographers used in connection with this litigation;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) During their depositions, potential witnesses in the action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) Any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential Information or Confidential Item;

(h)     Potential lay witnesses to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(i)     Any other person as to whom the Party that designated the document or information as "Confidential" has consented to disclosure in advance; and

(j)     Such other persons as the Parties may agree or may be ordered by the Court.

6.3     Prior to disclosure of any material designated "Confidential" to any person described in paragraph 6.2 subsections (g) through (j) thereof, such person shall be given a copy of this Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party.

6.4     Regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness without revealing any portion of the Protected Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Order.

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

If a Party is served with a subpoena, order or regulatory request that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena, order or regulatory request. Such notification must include a copy of the subpoena, order or regulatory request. The served Party also must immediately inform in writing the party who caused the subpoena, order or

regulatory request to issue that some or all the material covered by the subpoena, order or regulatory request is the subject of this Order. In addition, the served Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena, order or regulatory request to issue. The served Party shall be relieved from the obligations described in this paragraph if exempted from providing notice by the California Financial Information Privacy Act, CAL. FIN. CODE §§ 4050-4060, or where responding to a government-issued subpoena, order or regulatory request.

       The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case a reasonable opportunity to try to protect its competitive or confidentially interests, or its rights or obligations, from the court or entity which the subpoena, order or regulatory request issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

       If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.     FILING PROTECTED MATERIAL**

       Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

Case 2:13-cv-07502-BRO-E   Document 45   Filed 03/31/14   Page 13 of 16   Page ID #:1359
Case 2:13-cv-07502-BRO-E   Document 44-1   Filed 03/31/14   Page 13 of 16   Page ID #:1343

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party at the Receiving Party's expense. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submitted a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 3 (DURATION), above.

### 11. MISCELLANEOUS

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Non-Waiver</u>. This Order shall not be deemed a waiver of: (a) any Party's right to object to any discovery request on any ground; (b) any Party's right to seek an order compelling discovery with respect to any discovery request; (c) any

1 Party's right at any proceeding herein to object to the admission of any evidence on any ground; (d) any privilege or protective doctrine recognized under federal or California law; or (e) any Party's right to claim that any information disclosed in the Court in connection with this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 20, 2014                **JAURIGUE LAW GROUP**

By: /s/ *David Zelenski*
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone: (818) 630-7280
Facsimile: (888) 879-1697
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com

*Attorneys for Plaintiffs*

DATED: March 21, 2014                **BUCKLEYSANDLER LLP**

By: /s/ *Fredrick S. Levin*
Richard E. Gottlieb (SBN 289370)
Fredrick S. Levin (SBN 187603)
Timothy J. Coley
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Phone: (310) 424-3984
Facsimile: (310) 424-3960

*Attorneys for Defendants*
*Ocwen Loan Servicing, LLC*

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
2 | DATED: *March 31*, 2014
3 | [signature]
  | Magistrate Judge Charles F. Eick
4 | United States District Court
  | Central District of California

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Valerie Branca, et al. v. Ocwen Loan Servicing, LLC*, No. CV 13-7502. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____[printed name]_____

Signature:_____[signature]_____